IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | Crim. No. 4:13CR190 HEA |
| v. | * | Civil No. 4:16CV901 HEA |
| CHRISTOPHER HALL | * | |

\* \* \* \* \*

**MOTION TO CORRECT
SENTENCE UNDER 28 U.S.C. § 2255**

Petitioner, CHRISTOPHER HALL, through undersigned counsel, Lucille G. Liggett, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

On October 22, 2013, this Court sentenced Mr. Hall to a term of 90 months imprisonment after finding that he had a prior conviction that qualified as a "crime of violence" under U.S.S.G. § 4B1.2.(a), which in turn resulted in a four level sentencing offense level increase under U.S.S.G. § 2K2.1(a)(2).  Specifically, the Court found that Mr. Hall had a prior Missouri conviction for Aggravated Stalking that qualified as a "crime of violence."

However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Hall's prior conviction for Aggravated Stalking is no longer a "crime of violence."  In *Johnson,* the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague.  135 S. Ct. at 2557.  It follows from *Johnson* that the identical residual clause in  U.S.S.G. § 4B1.2(a)(2)  is also void for vagueness.  Thus, the only remaining question here is whether Mr. Hall's Aggravated Stalking offense qualifies as a "crime of violence" under the remaining "enumerated

offenses" clause or "force" clause of U.S.S.G. § 4B1.2(a)).[1]  It does not qualify as a "crime of violence" under either clause.  Hence, after *Johnson*, Mr. Hall's Aggravated Stalking conviction is not a "crime of violence," and his current sentence violates due process in violation of 28 U.S.C. § 2255(a).

Mr. Hall's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."  Thus, Mr. Hall respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition.  Nonetheless, counsel will ask for leave to supplement this petition at a later time.

---

[1] Under U.S.S.G. § 4B1.2(a) an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

    (1)    has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

    (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

Respectfully submitted,

/s/ Lucille G. Liggett
LUCILLE G. LIGGETT
Assistant Federal Public Defeder
1010 Market Street, Suite 200
St. Louis, MO 63101
(314) 241-1255
(314) 421-3177 fax
Email Lucy_Liggett@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June 2016, a copy of the foregoing Motion was delivered via electronic filing to Allison Behrens, Assistant United States Attorney, Office of the United States Attorney, St. Louis, Missouri and a copy was mailed to Christopher Hall, Forrest City FCI.

/s/ Lucille G. Liggett
LUCILLE G. LIGGETT
ASSISTANT FEDERAL PUBLIC DEFENDER